GUARANTY TRUST COMPANY OF NEW YORK AND J. WHITNEY PETERSON, EXECUTORS OF LAST WILL AND TESTAMENT OF JONATHAN PETERSON, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72503. Promulgated October 5, 1937.

*H. H. Shelton, Esq.*, and *Montgomery B. Angell, Esq.*, for the petitioners.

*Frank D. Strader, Esq.*, and *Lewis S. Pendleton, Esq.*, for the respondent.

SUPPLEMENTAL FINDINGS OF FACT AND OPINION.

HARRON : This proceeding was submitted on a stipulation of facts signed by the parties. The parties have filed an amendment to the stipulation of facts which corrects an erroneous statement appearing in paragraph (8), subparagraph (b) of the stipulation of facts filed at the hearing January 20, 1936. Upon the correction made by the amendment to the stipulation of facts, the following change is made hereby in the findings of fact in the report of the above entitled proceeding promulgated April 23, 1937, 35 B. T. A. 916, at page 919:

The second paragraph on page 919 of the report is as follows:

On July 19, 1924, Mrs. Peterson deposited her husband's two checks aggregating $240,000 in her personal account in the Guaranty Trust Co., and the checks were paid that day.

This paragraph is hereby deleted and the following is substituted therefor and incorporated in our findings of fact:

The check of Jonathan Peterson payable to Etta J. Peterson, dated July 17, 1924, in the amount of $225,000 was a certified check and the account of the

598

decedent with The National City Bank was debited with this amount July 17, 1924. The check of Jonathan Peterson to Etta J. Peterson, dated July 17, 1924, in the amount of $15,000 was paid July 18, 1924 and the decedent's bank account accordingly debited. The account of Mrs. Etta J. Peterson with the Guaranty Trust Company of New York was credited July 18, 1924 with $240,000 consisting of the amounts of the decedent's checks referred to herein.

On the basis of the above findings of fact the following revision is made in the opinion in this proceeding on page 924 of the report in the first new paragraph, so that the paragraph, as revised, will read as follows:

The first trusts were executed by Mrs. Peterson and the various checks deposited in her personal account and in her new account, as trustee, on July 18, 1924, pursuant to the agreement between herself and her husband as to the use of the funds he transferred to her. Mrs. Peterson entered upon the execution of the various steps agreed to without consulting any disinterested person as to the "investment" of the trust funds and in such complete accord with the suggestions of her husband throughout in all the transactions that we are unable to find that she had any real or independent control over the funds purportedly given to her. It is our opinion that in all the transactions Mrs. Peterson acted under the direction and control of her husband under agreement to return the funds involved to him in the form of "loans" and that he did not lose control of the subject matter of his alleged "gifts." Under such circumstances, we are constrained to hold that Peterson did not make valid gifts to his wife individually or as trustee. See *In re Halligan's Estate*, 143 N. Y. S. 676; *In re Von Benuth's Estate*, 143 N. Y. S. 672; *Schwab* v. *Schwab*, 163 N. Y. S. 246; *Schneider* v. *Schneider*, 107 N. Y. S. 792, all relating to attempted gifts of bank deposits. *In re Miller's Estate*, 236 N. Y. S. 290; 140 N. E. 701, 702.

In all other respects, the findings of fact, opinion and decision in this proceeding, promulgated April 23, 1937, remain unchanged.

Reviewed by the Board.

*Decision will be entered for the respondent.*